UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

VS.   CASE NO: 5:16-cr-33-Oc-28PRL

RICHARD ALAN PEARSON

## ORDER

Defendant's Motion to Reduce Sentence Based on Covid-19 (Doc. 48) is before the Court for consideration. The Government filed a response opposing the requested relief. ("Response"). (Doc. 50). Because the Court is without authority to order Defendant to home confinement and Defendant presents no extraordinary and compelling reasons to grant relief, the motion is due to be denied.

After pleading guilty to conspiracy with intent to distribute 500 grams or more of methamphetamine, Defendant was sentenced on July 19, 2017 to 110 months incarceration to be followed by 5 years of supervised release. (Docs. 36, 37).[1] On May 15, 2020, Defendant's sentence was reduced to 77 months pursuant to Federal Rule of Criminal Procedure 35(b). (Doc. 47). Prior to this federal conviction, Defendant had a long history of convictions in state court beginning when he was 16 years old. (Doc. 35). The convictions span 30 years and 50 counts. (*Id.*). Most of the counts are for possession of a controlled substance/methamphetamine/cannabis/marijuana, but also include grand theft, fleeing a police officer, burglary of a dwelling, resisting an officer without violence and

---

[1] At sentencing, the Court granted the Government's Rule 35 motion resulting in a 4-level reduction in Defendant's sentence. (Docs. 32, 36).

driving while license suspended or revoked. (*Id.*). Defendant is 54 years old and has a projected release date of July 27, 2024. (Doc. 50).

Defendant asks this Court to reduce his sentence to time served with a condition of home confinement on supervised release. (Doc. 48). He argues that "such a modification will effectively allow him to finish the remaining portion of his prison sentence on home confinement." (*Id.*). That is incorrect. Defendant's release date is projected to be July 24, 2024. (Doc. 50). Reducing his imprisonment to time served now would reduce his sentence by 4 years. Even if the Court was inclined to order home confinement as a special condition of supervised release, which it is not, there would be no remaining portion of his prison sentence to finish.

To the extent Defendant seeks home confinement, the Attorney General—and by delegation the BOP—has exclusive authority and *discretion* to designate the place of an inmate's confinement." *Burg v. Nicklin*, No. EP-19-CV-24-FM, 2019 WL 369153, at *3 (W.D. Tex. January 29, 2019) (emphasis in original) citing *Moore v. United States Att'y Gen*, 473 F.2d 1375, 1376 (5th Cir. 1973).[2]

Specifically, prerelease custody is governed by 18 U.S.C. § 3624(c). "Under the plain language of the statute, 'the Bureau of Prisons, not the Court, has the sole authority to prescribe home confinement post-incarceration [under 18 U.S.C. § 3624(c)].'" *United States v. Neeley*, No. 1:14-cr-00096-SEB-TAB, 2020 WL 1956126, at *2 (S.D. Ind. April 23, 2020), quoting *United States v. Rodriguez*, No. 16-CR-167 (LAP), 2020 WL 1866040, at *4 (S.D.N.Y. Apr. 14, 2020). *See also United States v. Caiado*, No. 8:17-CR-561-T-

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

2

17TGW, 2019 WL 5653810, at *2 (M.D. Fla. Oct. 31, 2019). As recognized by the United States Supreme Court, after the court imposes sentence, "the Attorney General, acting through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). Therefore, this Court has no authority to change Defendant's place of incarceration.

Defendant, relying on 18 U.S.C. § 3582(c)(1)(A), argues the Covid-19 pandemic is an extraordinary and compelling reason ("compassionate release") sufficient to release him to time served.

The Court must first consider whether Defendant has exhausted his administrative remedies. Under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, the Court may act "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

Defendant asked the Warden for relief on April 23, 2020. (Doc. 48-3). The Warden did not respond until June 5, 2020. (Doc. 48-4). The Warden's response came 42 days after Defendant's request. The Government does not dispute this in their Response. (Doc. 50). Because the Warden did not respond to Defendant's request within 30 days, Defendant properly exhausted his administrative remedies and can request a modification of his sentence directly from the Court. 18 U.S.C. §3582(c)(1)(A).

Defendant, however, cannot demonstrate "extraordinary and compelling reasons" warranting release. The Sentencing Commission's policy statement defines "extraordinary

3

and compelling reasons" to include, certain specified categories of medical conditions. U.S.S.G. § 1B1.13, cmt. n.1(A). Those categories include (i) any terminal illness, and (ii) any "serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. §1B1.13, cmt. n.1(A). Even when an extraordinary and compelling reason exists, however, this Court should only reduce a term of imprisonment if it determines that the defendant is not a danger to the public. U.S.S.G. §1B1.13(2). And this Court must consider whether the 18 U.S.C. § 3553(a) factors weigh in favor of release. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. §1B1.13.

The COVID-19 pandemic does not fall into the above categories. The categories are as to serious medical conditions afflicting an individual inmate, not generalized threats to the entire population. "The mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Gileno*, No. 3:19-cr-161-(VAB)-1, 2020 WL 1307108, at *4 (D. Conn. Mar. 19, 2020) (denying compassionate release because BOP's proposed plan adequately addresses the COVID-19 pandemic).[3] "[G]eneral concerns about possible

---

[3] *See also, e.g., United States v. Coles*, No. 18-cr-20254, 2020 WL 1899562 (E.D. Mich. Apr. 17, 2020) (denied for 28-year-old inmate at institution with outbreak); *United States v. Okpala*, No. 17-CR-00533 (CBA), 2020 WL 1864889 (E.D.N.Y. Apr. 14, 2020); *United States v. Weeks*, No. 16-CR-167 (LAP), 2020 WL 1862634 (S.D.N.Y. Apr. 14, 2020); *United States v. Haney*, No. 19-cr-541 (JSR), 2020 WL 1821988 (S.D.N.Y. Apr. 13, 2020) (denied for 61-year-old with no other conditions); *United States v. Pinto-Thomas*, No. 18-cr-579 (JSR), 2020 WL 1845875 (S.D.N.Y. Apr. 13, 2020) (two insider trading defendants with less than a year to serve have no risk factors); *United States v. Korn*, No. 15-CR-81S, 11-CR-384S, 2020 WL 1808213, at *6 (W.D.N.Y. Apr. 9, 2020) ("in this Court's view, the mere *possibility* of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary

exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *United States v. Smith,* No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *6 (M.D. Fla. May 15, 2020).

"It is a rare case in which health conditions present an 'exceptional reason'" to allow for release where detention otherwise would be warranted. *United States v. Wages,* 271 F. App'x 726, 728 (10th Cir. 2008) (considering pretrial detention). Defendant asserts that he suffers from hepatitis C and a mass under his rib cage (Doc. 48), and these make him more vulnerable to becoming seriously ill should he contract COVID-19. Defendant's Presentence Investigation Report "PSR" (July 19, 2017) reports both of these. (Doc. 35). At that time, Defendant reported he had had the mass over 10 years. (*Id.*). Defendant's BOP medical records reflect that Defendant's hepatitis C is under control and that the mass is a benign lipomatous neoplasm (Doc. 50).

Although the CDC states hepatitis C might increase a person's risk for developing serious illness from COVID-19 (www.cdc.gov; Doc. 50), Defendant has not identified a medical condition that falls within one of the categories specified in the Sentencing Commission's policy statement's application note. He does not have a terminal illness and he is able to provide self-care. *See United States. v. Barnes,* No. 14-86, 2020 WL 3606354 (E.D. La. July 2, 2020) (Inmate with asymptomatic hepatitis C as well as a bullet wound in his lung does not present risk factor; release denied); *United States. v. Maher,*

---

or compelling reason for a sentence reduction under the statutory scheme."); *United States v. Carver,* No. 4:19-cr-06044-SMJ, 2020 WL 1892340 (E.D. Wash. Apr. 8, 2020).

5

No. 2:04-cr-00093-GZS, 2020 WL 390884 (D. Me. January 23, 2020) (defendant who had a history of hepatitis C, prostate cancer, and Crohn's disease denied compassionate release during pandemic.)

Courts are prohibited from granting compassionate release unless "such a reduction is consistent with applicable policy statements issued by" the Commission. 18 U.S.C. § 3582(c)(1)(A). *See Dillon v. United States*, 560 U.S. 817, 821 (2010)(a "reduction must be consistent with applicable policy statements issued by the Sentencing Commission"); *United States v. Colon,* 707 F.3d 1255, 1259-60 (11th Cir. 2013) (3582(c)(2) requires courts to follow policy statements of the Sentencing Commission); *United States v. Nasirun*, No. 8:99-CR-367-T-27TBM, 2020 WL 686030, at *2 (M.D. Fla. Feb. 11, 2020)("any reduction must be consistent with the policy statements of the Sentencing Commission").

Further, this Court should only reduce a term of imprisonment if it determines that the Defendant is not a danger to the public. U.S.S.G. §1B1.13(2). And this Court must consider whether the 18 U.S.C. § 3553(a) factors weigh in favor of release. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. §1B1.13. Defendant poses a danger to public safety if released. A review of his criminal history reveals he was first convicted at age 16 for larceny of gas and grand theft. (Doc. 35). His criminal career continued with convictions at ages 17, 18, 20, 23, 24, 27, 28, 31, 32, 34, 36, 37, 39, 40, 43, 44, 46, and 48. (*Id.*). At ages 27 and 32, he was convicted two different times. (*Id.*). Most of Defendant's convictions resulted in jail time, with many resulting in violations of earlier-imposed probation. (*Id.*). The counts of conviction include possession of stolen goods, possession of marijuana (3), fleeing a police officer, driving while license suspended or revoked (9), alter license plate validation sticker,

possession of cannabis (2), possession of methamphetamine (4), possession of drug paraphernalia (5), failure to appear, attached tag not assigned, grand theft, giving false name to law enforcement, burglary of a dwelling, possession of a controlled substance (4), resisting officer without violence, obstructing a law enforcement officer without violence, tampering with evidence, operating vehicle with no insurance, and failure to register as a convicted felon. (*Id.*). The Court finds Defendant's assertion in his motion that "[w]hatever punishment the Court intended for the Defendant has been learned a hundredfold" to be disingenuous. (Doc. 48 at 5).[4] After being in and out of jail/prison for most of his life, Defendant seems to have learned nothing.

While the Court is empathetic to the plight of those in prison with this looming pandemic, it cannot carte blanche release the prison population. Each individual is unique and must present extraordinary and compelling circumstances for this Court to allow a sentence reduction. The mere possibility of becoming infected with Covid-19 applies to the entire prison population and is not an extraordinary and compelling reason for Defendant's release. The Court finds no compelling and extraordinary circumstances to grant a sentence reduction for this Defendant.

Accordingly, having considered the above, Defendant's Motion to Reduce Sentence Based on Covid-19 (Doc. 48) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on August 27, 2020.

JOHN ANTOON II
United States District Judge

---

[4] Not to mention, used in another Defendant's motion for release. See 6:14-cr-243, Doc. 106 at 6, ¶ 20.

7

Copies furnished to:
United States Attorney
United States Probation Office
Counsel for Defendant